1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LYMAN L. SIMS, SR.,                )    No. C 06-3695 TEH (PR)
                                   )
        Plaintiff,                 )    **ORDER OF DISMISSAL WITH**
                                   )    **LEAVE TO AMEND, DENYING**
    v.                             )    **MOTION TO PROCEED IN**
                                   )    **FORMA PAUPERIS AND**
WARDEN EDDIE YLST,                 )    **INSTRUCTIONS TO THE CLERK**
DIRECTOR MRS. J. WOODFORD, et      )
al,                                )
                                   )    (Docket No. 3)
        Defendants.                )
_____)

Plaintiff, a prisoner of the State of California currently incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement when he was previously incarcerated at San Quentin State Prison.  He has also filed an incomplete motion seeking leave to proceed in forma pauperis (docket no. 3), which is now DENIED because it does not include required information regarding funds in his prisoner trust account.

On July 19, 2006, Plaintiff filed a document entitled "leave to amended complaint civil local rules (10-7)" which the Court now construes as a motion seeking leave to amend the complaint.  That motion is now GRANTED.  In this order, the Court dismisses the complaint with leave to amend and orders Plaintiff to file an amended complaint on the Court's civil rights complaint form and a complete application to proceed in forma pauperis within thirty days of the date of this order.

**STATEMENT OF FACTS**

Plaintiff generally complains about the treatment he received in San Quentin State Prison, including "clothing, shelter, sanitation, medical care and life necessities." Complaint at 3.  Additionally, in his motion seeking leave to file an amended complaint, he complains about specific issues involving his psychiatric medication and an overflowing toilet, but does not specifically identify the responsible party.  Because of Plaintiff's failure to provide specific information regarding how his constitutional rights were violated and by whom, this Court will dismiss the complaint, but Plaintiff will be granted leave to amend to submit an amended complaint within thirty days as set forth below.

**DISCUSSION**

I       Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris

2

1    v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of

2    a constitutional right within the meaning of section 1983 if he does an affirmative act,

3    participates in another's affirmative act or omits to perform an act which he is legally

4    required to do, that causes the deprivation of which the plaintiff complains.  See Leer,

5    844 F.2d at 633[1]; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995)

6    (prison official's failure to intervene to prevent 8th Amendment violation may be basis

7    for liability).  Sweeping conclusory allegations will not suffice; the plaintiff must instead

8    "set forth specific facts as to each individual defendant's" deprivation of protected rights.

9    Leer, 844 F.2d at 634.

10   II       Legal Claims

11          To state a claim arising under federal law, it must be clear from the face of

12   Plaintiff's well-pleaded complaint that there is a federal question.  Easton v. Crossland

13   Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).  While a plaintiff is not required to

14   plead his evidence "or specific factual details not ascertainable in advance of discovery,"

15   Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S.

16   1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the

17   allegations are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989

18   (9th Cir. 1976).  And a complaint that fails to state the specific acts of the defendant

19   which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the

20   Federal Rules of Civil Procedure.  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5

21   (9th Cir. 1982).  District courts must afford pro se prisoner litigants an opportunity to

22   amend to correct any deficiency in their complaints.  Lopez v. Smith, 203 F.3d 1122,

23   1126-27 (9th Cir. 2000) (en banc).

24          Plaintiff's complaint fails to identify the claims and the specific acts of each

25   _____

26         [1]The inquiry into causation must be individualized and focus on the duties and
     responsibilities of each individual defendant whose acts or omissions are alleged to have caused
27   a constitutional deprivation.  See Leer, 844 F.2d at 633 (citations omitted).

28                                              3

Defendant which violated Plaintiff's constitutional rights.  As such, it must be dismissed and Plaintiff will be provided with leave to file an amended complaint to correct these deficiencies within thirty days.  With regard to the amended complaint, Plaintiff must set forth in the amended complaint a short statement identifying the actions of each named Defendant which violated Plaintiff's rights.  The Court cannot cull defendants and claims from Plaintiff's pleadings and documentation.  Plaintiff must clearly and succinctly: name each Defendant, state the injury that Defendant caused, identify the claimed constitutional (or other federal right) violated, and request the sought-after remedy. Without this basic information, the complaint cannot proceed.  Accordingly, the complaint is DISMISSED.  However, Plaintiff is provided with LEAVE TO AMEND his complaint within thirty days, as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint within **thirty days from the date of this order**.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.  The Clerk is directed to provide Plaintiff with a copy of the Court's prisoner civil rights complaint form.

2.  Plaintiff's motion to proceed in forma pauperis is DENIED (docket no. 2). Plaintiff must either pay the filing fee or file a new complete application within thirty days.  Failure to do so will result in dismissal of the complaint without prejudice.  The Clerk is directed to provide Plaintiff with a blank copy of the Court's prisoner in forma pauperis application.

3.  Plaintiff is advised that an amended complaint supersedes the original

4

complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992).

      4.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.


DATED:   04/06/07

THELTON E. HENDERSON
United States District Judge